IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-46 |
| | ) | |
| BRANDON CAMPBELL, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | **FILED UNDER SEAL** |

## MEMORANDUM AND ORDER

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. §

636(b) for disposition or report and recommendation regarding disposition by the District Judge as

may be appropriate. This case came before the Court on October 13, 2011, for a scheduled pretrial

conference and motion hearing on the Defendant's Motion to Continue Trial [Doc. 58], filed on

October 11, 2011. Assistant United States Attorney David P. Lewen appeared on behalf of the

Government. Attorney Bruce E. Poston represented the Defendant, who was permitted to waive his

appearance. The hearing was conducted under seal.

The motion asks the Court to continue the October 19, 2011 trial date to give defense

counsel additional time to investigate the facts of the case and to prepare for trial. In this regard, the

motion states the events alleged in this case occurred in two states, Tennessee and Georgia, and that

the Defendant currently resides in Florida. At the hearing, Mr. Poston stated that he had discussed

the need for a continuance with the Defendant, who wanted to continue the trial. The Government

had no objection to the requested continuance. The parties agreed on a new trial date of April 10,

2012, and agreed that all time between the filing of the instant motion and this date was necessary

1

to prepare the case for trial and was fully excludable under the Speedy Trial Act.

The Court finds the motion to continue the October 19, 2011 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel needs additional time to investigate the facts of the case, to interview witnesses, and to prepare the case for trial. The Court notes that this investigation will necessarily occur in Tennessee and Georgia. The investigation is made more difficult by the fact that the Defendant resides in Florida. Despite working diligently on this case, the Court finds that defense counsel has been unable to complete trial preparations by the first setting of the trial. Accordingly, the Court finds, and the parties agree, that a six-month continuance would further the ends of justice in this case. The Court finds that the failure to grant a continuance would deprive defense counsel of time to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's Motion to Continue Trial [**Doc. 58**] is **GRANTED**, and the trial of this matter is reset to **April 10, 2012**. The Court also finds that all the time between the filing of the motion on October 11, 2011, and the new trial date of April 10, 2012, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the Court set a new deadline for completing plea negotiations of **March 27, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **March 26, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **March 30, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

2

(1) The Defendant's Motion to Continue Trial [**Doc. 58**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 10, 2012, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the motion to continue on **October 11, 2011**, and the new trial date of **April 10, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The plea negotiation cut-off deadline in this case is **March 27, 2012**;

(5) Motions *in limine* must be filed no later than **March 26, 2012**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **March 30, 2012**.

**IT IS SO ORDERED.**

ENTER:


    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3